# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **HOOTERS OF AMERICA, LLC**, a Georgia limited liability company, **HOA SYSTEMS, LLC.**, a Delaware limited liability company, and **HI LIMITED PARTNERSHIP,** a Florida limited partnership,<br><br>    Plaintiffs,<br>vs.<br><br>**HOOT OWL RESTAURANTS, LLC,** a Delaware limited liability company,<br><br>    Defendant. | Civil Case No.: 1:16-cv-01825 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PENDING THE OUTCOME OF PARALLEL LITIGATION IN NEW JERSEY

**COHEN, GOLDSTEIN & GOTLIEB, LLP**
Lee S. Goldstein, Esq.
Georgia Bar No.: 300437
990 Hammond Drive, Suite 900
Atlanta, Georgia 30328
Tel: (770) 393-0990
Fax: (770) 901-9417
lsg@cgglaw.com

**MARKS & KLEIN, LLP**
Justin M. Klein, Esq.
Pending Admission *Pro Hac Vice*
63 Riverside Avenue
Red Bank, New Jersey 077101
Telephone: (732) 747-7100
Fax: (732) 219-0625
justin@marksklein.com

Defendant Hoot Owl Restaurants, LLC ("Hoot Owl" or "Defendant") respectfully submits this memorandum of law in support of its Motion to Dismiss the Complaint or, In the Alternative, Stay This Action Pending the Outcome of Parallel Litigation in New Jersey (hereinafter, "Motion").

I.    **PRELIMINARY STATEMENT**

Plaintiffs Hooters of America, LLC, HOA Systems, LLC (together, "HOA") and HI Limited Partnership (collectively, "Plaintiffs") initiated the instant action against Hoot Owl in a transparent attempt to improperly seize this case from the New Jersey court currently adjudicating what is, essentially, the same dispute between the parties. Almost one year prior to the filing of this action, Defendant filed a complaint in New Jersey state court, styled Hoot Owl Restaurants, LLC v. Hooters of America, LLC *et al*, Docket No. SOM-L-304-16 (Law Div. 2016) (the "New Jersey Action"). HOA unsuccessfully attempted to have the New Jersey Action dismissed based on the forum selection clause and choice of law provisions in the franchise agreement.[1] As a result of that ill-fated attempt, HOA seeks a declaration from this Court as to how to properly interpret the franchise agreement between the parties, as well as the applicability of state franchise relationship laws to HOA's relationship with Hoot Owl.  (Compl. at ¶¶ 1-2).  **Virtually identical issues are already currently before**

---

[1] In the New Jersey Action, HOA argued both New Jersey and Georgia substantive law. See Certification of Gerald A. Marks ("Marks Dec."), at ¶ 6, Exhibit A, at p. 12, *fn*. 9.

**the New Jersey state court in the New Jersey Action**.

Specifically, in the New Jersey Action -- which has been active since September, 2015 -- Hoot Owl filed claims against HOA based on HOA's violations of the same franchise and related agreements and based on New Jersey's franchise relationship law, the New Jersey Franchise Practices Act.   Indeed, discovery is already well underway in the New Jersey Action, with a voluminous number of documents already exchanged and a proposed confidentiality recently filed.

As explained below, this is the textbook case for abstention pursuant to the well-settled Colorado River Doctrine.  Both the current action and the New Jersey Action ask the courts to interpret the franchise agreement at issue, including what state law is applicable to the parties' agreement and relationship.  As such, this Court runs the very real risk of creating and fostering piecemeal litigation and inconsistent holdings.  Moreover, permitting this action to move forward, in the United States District Court for the Northern District of Georgia, in light of the foregoing, will unquestionably result in an extraordinary waste of judicial resources by duplicating virtually the identical in both cases.  As a result, Defendant respectfully requests that this Court dismiss and/or grant Defendant's Motion to Dismiss and/or Stay this action pending the outcome of the New Jersey Action.

## II.    PROCEDURAL HISTORY

On September 9, 2015, Hoot Owl filed the New Jersey Action in the Superior Court of New Jersey, Somerset County.  (Marks Dec. at ¶ 3).  On or about November 6, 2015, Hooters of America, LLC, HOA Franchising, and HOA Systems (collectively, the "HOA Parties") filed a Motion to Dismiss the Complaint on various grounds, including the existence of a forum selection and choice of law clause present in a franchise agreement between the parties. (Id. at ¶ 4).  Hoot Owl opposed the Motion to Dismiss. (Id. at ¶ 5).  Thereafter, on December 21, 2015, the Judge denied the majority of the motion to dismiss.  (Id. at ¶ 6).

On February 29, 2016, the Court transferred the case from the Chancery Division to the Law Division of the Superior Court of New Jersey in Somerset County.  (Id. at ¶ 7).  Thereafter, the parties engaged in the discovery process.  (Id. at ¶ 8).  Specifically, Hoot Owl served the HOA Parties with its First Set of Interrogatories and First Request for Production of Documents on March 2, 2016. (Id. at ¶ 9).  Hoot Owl followed with Supplemental Interrogatories and Supplemental Requests for Documents on March 9, 2016.   (Id.).  The HOA Parties served their First Request for Production of Documents and First Set of Interrogatories upon Hoot Owl on or about March 11, 2016.  (Id. at ¶ 10).

Thereafter, on or about, April 5, 2016, Hoot Owl filed its Second Amended Complaint and Jury Demand. (Id. at ¶ 11).  The claims in the Second Amended

Complaint arise out of, and relate to, the rights of the parties under the franchise agreement – the very same agreement at issue in this case -- and related agreements between the parties.  (Id. at ¶ 12).

The HOA Parties' Answer and Defenses to Second Amended Complaint was filed April 25, 2016. (Id. at ¶ 13).  On April 29, 2016, Hoot Owl responded to HOA's First Request for the Production of Documents.  (Id. at ¶ 14).  Hoot Owl continues to produce documents and written responses to the HOA Parties on a rolling basis, while the HOA Parties are expected to produce their responses to Hoot Owl's discovery requests in the coming days.

Finally, in the course of the New Jersey Action, the parties negotiated a protective order, which was transmitted to the Hon. Yolanda Ciccone, Assignment Judge for the Superior Court, Somerset County for execution and filing on August 10, 2016.  (Id. at ¶ 15).

## III.   ARGUMENT AND CITATION TO AUTHORITY

The instant matter is the quintessential case for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, a stay.[2]

---

[2] District Courts have the discretion to dismiss an action pending the resolution of a parallel state court action based on the federal court's lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See* Century Sur. Co. v. Prince Plaza, LLC, 2016 U.S. Dist. LEXIS 19276, *17 (E.D.N.Y Feb. 16, 2016) (recommending that, pursuant to Colorado River, "that the court abstain from

Pursuant to the "Colorado River Doctrine," is a doctrine established by the United States Supreme Court in <u>Colorado River Water Conservation District v. United States</u>, (424 U.S. 800 (1976)) that governs when a District Court should defer to a parallel state court proceeding.  The purpose of this doctrine is to avoid the needless waste of judicial resources and potentially contradictory decisions which would likely result from parallel proceedings in both a District Court and a state court case – involving substantially the same parties and.  *See* <u>Moorer v. Demopolis Waterworks & Sewer Bd.</u>, 374 F.3d 994, 997 (11th Cir. 2004) (explaining that "[t]he principles of this doctrine rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation").

The Colorado River analysis applies where "federal and state proceedings involve substantially the same parties and substantially the same issues." <u>Rambaran v. Park Square Enters.</u>, 2008 U.S. Dist. LEXIS 71538, *6 (M.D. Fla. Sept. 22, 2008) (*quoting* <u>Ambrosia Coal & Constr. Co. v. Pages Morales</u>, 368 F.3d 1320, 1330 (11th

---

exercising jurisdiction and instead dismiss the Complaint"); *see also*, <u>Gale v. New Canaan Invs., LLC,</u> 2014 U.S. Dist. LEXIS 174405, * (emphasizing that "[i]n cases involving the concurrent exercise of jurisdiction by different courts over parallel actions, a federal court has discretion to stay or dismiss an action based on considerations of wise judicial administration").  Nevertheless, due to the Eleventh Circuit's preference for staying actions when the <u>Colorado River</u> Doctrine is satisfied, Defendant respectfully requests a stay in the event that this Court denies Defendant's Motion to Dismiss.

Cir. 2004)); *see also*, Bankers Ins. Co. v. Countrywide Fin. Corp., 2012 U.S. Dist. LEXIS 93212, *18 (M.D. Fla. July 5, 2012) (emphasizing that the cases "need not share identical parties, issues, and requests for relief" for the Colorado River Doctrine to apply). Once this threshold is met, the District Court must then consider the following factors to determine whether a stay is appropriate: "(1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties." Moorer, 374 F.3d at 997 (*quoting* Transouth Financial Corp. v. Bell, 149 F.3d 1292, 1294 (11th Cir. 1998)). Additionally, in the Eleventh Circuit, the District Court must also consider (1) whether the later filed litigation is vexatious or reactive in nature, and (2) whether the concurrent cases involve a federal statute that evinces a policy favoring abstention. Rambaran, 2008 U.S. Dist. LEXIS at *7 (*citing* Ambrosia Coat & Constr. Co., 368 F.3d at 1330).

Critically, **the avoidance of piecemeal litigation is the most critical factor of the Colorado River Doctrine and this factor alone can support abstention**. *See* Retail Mktg. Network v. Actmedia, Inc., 1996 U.S. Dist. LEXIS 22560, *10 (D. Conn. Oct. 18, 1996) ("The avoidance of piecemeal litigation is, in this case, as it was in [Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983)]

and numerous other lower court decisions, the most important factor in granting

abstention"); *see also*, <u>Moorer</u>, 374 F.3d at 997 (emphasizing "the desire to avoid

piecemeal adjudication was the driving force behind the dismissal in *Colorado*

*River*" and that "one factor alone can be the sole motivating reason for the

abstention").    Moreover, the Colorado River factors are not to be analyzed

"mechanical[ly], but rather "[t]he weight of each factor varies on a case-by-case

basis, pending on the particularities of that case." <u>Moorer</u>, 374 F.3d at 997.


A.    **The Colorado River Doctrine Applies Here Because This Action And The New Jersey Action Involve Substantially The Same Parties And Issues.**

It cannot be disputed the Colorado River Doctrine applies to this case.

Specifically, of the four parties named in this action, three are named as parties in

the New Jersey Action.  Moreover, the two actions involve substantially the same

issues, namely (1) whether Hoot Owl violated any provisions of the franchise

agreement between the parties; (2) which law applies to the agreement and/or the

relationship between the parties; and (3) whether HOA has violated the New Jersey

Franchise Practices Act, <u>N.J.S.A.</u> 56:10-1 *et seq*. (the "NJFPA").  Indeed, it will be

impossible for either this Court or the New Jersey state court to adjudicate the claims

before them without resolving these three, primary issues (and potentially resolving

them with conflicting decisions).

Moreover, the fact that Plaintiffs do not assert the exact same claims in this action and include different claims than those that are before the New Jersey state court is of no moment. Indeed, where Plaintiffs do not assert the same claims in a state court action but could file their claims as counterclaims, this fact weighs in favor of abstention and dismissal. *See* Beepot v. J.P. Morgan Chase Nat'l Corporate Servs., 2011 U.S. Dist. LEXIS 113124, *36 (M.D. Fla. Sept. 30, 20110) (holding "[i]t is sufficient for abstention purposes that the . . . claims brought here may be asserted in the pending State Court [action] as counterclaims or affirmative defenses"); *see also*, Mouchantaf v. Int'l Modeling & Talent Ass'n, 368 F. Supp. 2d 303, 306 (S.D.N.Y. 2005) (noting that Colorado River abstention was warranted where plaintiff can assert (as counterclaims) in the parallel state action the same claims raised in the District Court action).

As such, this Court must apply the Colorado River Doctrine analysis to determine whether to stay this action pending the resolution of the New Jersey Action.

**B.    If This Action Is Not Stayed, Piecemeal Adjudication Will Inevitably Ensue And Judicial Resources Will Be Needlessly Wasted.**

As explained above, the most critical factor of the Colorado River Doctrine is the desire to avoid piecemeal adjudication. Abstention is appropriate where identical litigation is filed in both federal and state court, as continuing the federal case "would

be unduly excessive."  *See* <u>Sides v. Simmons</u>, 2007 U.S. Dist. LEXIS 82833, *3

(S.D. Fla. Nov. 7, 2007) ("To allow litigation in this Court, while the same litigation

is pending in state court, will require twice the resources: two discoveries, two

trials[,] and possibly two conflicting decisions based on the same evidence. . . . This

is unnecessary and excessive.") (internal citation omitted).    Indeed, where

"substantially the same matters are at issue" in both cases "**and the parties simply**

**seek opposite outcomes** . . . this factor weighs heavily in favor of abstention."

<u>Bankers Ins. Co.</u>, 2012 U.S. Dist. LEXIS at *24 (*quoting* <u>Rivera v. Healthcare Servs.</u>

<u>Grp., Inc.</u>, 2010 U.S. Dist. LEXIS 70127, *2 (M.D. Fla. June 23, 2010)) (emphasis

added).

   Here, Plaintiffs seek the "opposite outcome[]" of that sought by Hoot Owl in

the New Jersey Action.  Plaintiffs seek a determination that Georgia law applies to

the parties' relationship and that Hoot Owl has violated the franchise agreement in

question.  In the New Jersey Action, Hoot Owl asks the New Jersey state court to

find: Georgia law <u>does not</u> apply to the franchise agreement based on the NJFPA,

Hoot Owl has complied with the provisions of all agreements between the parties,

and HOA has breached the agreements between the parties and violated state law.

As such, absent this Court's abstention, both courts will needlessly address the exact

same issues, with the potential of reaching conflicting decisions.  As this Court well

knows, conflicting decisions would necessitate appellate review, further burdening

the courts and parties.  This case therefore must be dismissed and/or stayed.

### C.     The Remaining Colorado River Doctrine Factors Also Weigh In Favor Of This Court Granting A Stay.

As discussed below, even if the threat of piecemeal litigation were not dispositive (and it is), the applicable remaining Colorado River Doctrine factors also compel this Court to stay this action while the New Jersey Action proceeds.

#### a.     The New Jersey Action Was Filed First and Fact Discovery is Nearly Complete.

Hoot Owl filed the New Jersey Action in September, 2015 and the operative pleading – the Second Amended Complaint – on April 5, 2016.  Additionally, Answers have already been filed in the New Jersey Action, discovery requests served, a protective order is pending and a voluminous number of documents exchanged.

In stark contrast, Plaintiffs here filed the action before this Court on June 6, 2016 and nothing more has been substantively accomplished.[3]  As such, this factor favors staying this action.

---

[3] Plaintiffs consented to an extension of time to answer, during which time the parties have agreed to a mediation of all of the issues (in both cases) on September 8, 2016.

b.    This Action Was Filed In Direct Response To The New Jersey Action.

This action was clearly filed in direct response to the New Jersey Action, as the claims in this action stem from the identical franchise agreement at issue in the New Jersey Action and ask this court to make many of the same legal determinations which are currently before the New Jersey state court. There is no reasonablejustification for Plaintiffs to file this action, in this Court, other than to cause unnecessary expense for Hoot Owl and/or to disrupt the proceedings in the New Jersey Action. Therefore, the Court should find this factor favors Hoot Owl.

c.    Plaintiff's Lanham Act Claims Do Not Counsel Against A Stay.

Only two counts in this action– Counts III and IV –involve federal law: Plaintiffs allege violations of the Lanham Act. Critically, state courts have concurrent jurisdiction over non-patent claims under the Lanham Act. *See* Retail Mktg. Network v. Actmedia, Inc., 1996 U.S. Dist. LEXIS 22560, note 2 (D. Conn. Oct. 18, 1996) (explaining that "[t]he state court would have concurrent jurisdiction over [the] Lanham Act claim"). Where state courts have concurrent jurisdiction over federal claims, the existence of a federal claim holds little weight in the Colorado River analysis. *See* Rambaran, 2008 U.S. Dist. LEXIS at *19 ("if federal and state courts have concurrent jurisdiction over a claim, the applicable law factor becomes less significant").

Indeed, the vast majority of Plaintiffs' claims in this action – as well as all of Hoot Owl's claims in the New Jersey Action – involve state law.  In light of this, and because Plaintiffs' Lanham Act claims are subject to concurrent jurisdiction, this factor does not counsel against dismissing and/or staying this action.  On balance, then, the Court should find this factor stands in equipoise.

> d.      The New Jersey State Court Will Adequately Protect the Interests of All Parties.

Where both a District Court and a state court can adequately protect the rights of the parties, this factor is neutral and does not weigh against abstention.  Ambrosia Coal, 368 F.3d at 1334 (*citing* Noonan South, Inc. v. County of Volusia, 841 F.2d 380, 382 (11th Cir. 1988)).  Here, there is absolutely no reason the New Jersey state court cannot adequately protect Plaintiffs' rights.  As explained above, all of the claims in this action are state law claims other than Plaintiffs' Lanham Act claims, over which the New Jersey state court has concurrent jurisdiction.  As such, this factor does not weigh against this Court's abstention.

On balance, then, this Court must find the factors delineated in the Colorado River Doctrine favor abstention, or outright dismissal, of Plaintiff's claims in this Court.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Hoot Owl Restaurants, LLC respectfully requests that this Court grant Defendant's request to dismiss or, in the alternative, stay this action pending the resolution of parallel litigation in New Jersey.

*/s/ Lee S. Goldstein, Esq.*

Lee S. Goldstein, Esq.
Georgia Bar No.: 300437
COHEN, GOLDSTEIN
& GOTLIEB, LLP
990 Hammond Drive, Suite 990
Georgia Bar No.: 721152
Atlanta, Georgia 30328
Tel: (770) 393-0990
Fax: (770) 901-9417

- and–

Justin M. Klein, Esq.
Gerald A. Marks, Esq.
Pending Admission *Pro Hac Vice*
MARKS & KLEIN, LLP
63 Riverside Avenue
Red Bank, New Jersey 07701
Tel: 732-747-7100
Fax: 732-219-0625

**Counsel for Defendant**
**Hoot Owl Restaurants, LLC**

14