UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOOTERS OF AMERICA, LLC, a Georgia limited liability company, HOA SYSTEMS, LLC, a Delaware limited liability company, and HI LIMITED PARTNERSHIP, a Florida limited partnership,<br><br>Plaintiffs,<br><br>vs.<br><br>HOOT OWL RESTAURANTS, LLC, a Delaware limited liability company,<br><br>Defendant. | Civil Case No.: 1:16-cv-01825-SCJ |

### DECLARATION OF GERALD A. MARKS

Pursuant to 28 U.S.C. § 1746, I, GERALD A. MARKS, declare under penalty of perjury as follows:

1.  My name is Gerald A. Marks. I am over 21 years of age and competent to give testimony. I am a partner at Marks & Klein, LLP, which represents the Defendant Hoot Owl Restaurants, LLC ("Hoot Owl") in the above-referenced matter. A motion for my admittance in this action, *Pro Hac Vice*, is pending. I am responsible for handling various aspects of litigation in the above-captioned case and have personal knowledge of the information presented below.

1

2. Currently, I am also counsel in the Superior Court of New Jersey (Somerset County) case styled: <u>Hoot Owl Restaurants, LLC v. Hooters of America, LLC, HOA Franchising, LLC, HOA Systems, LLC, Apple Gate Enterprises, LLC, Marie Azir and Joseph Azir</u>, Docket Number SOM-L-304-16 (the "New Jersey Action").

3. The New Jersey Action was filed on September 9, 2015.

4. On or about November 6, 2015, Hooters of America, LLC, HOA Franchising, and HOA Systems (collectively, "HOA") filed a Motion to Dismiss the Complaint on various grounds, including the existence of a forum selection and choice of law clause present in a franchise agreement between the parties.

5. Hoot Owl opposed the Motion to Dismiss.

6. Thereafter, on December 21, 2015, the Hon. Thomas C. Miller, Presiding Judge of the Civil Division, Somerset County, denied the majority of the Motion to Dismiss. A copy of the Order and Opinion is attached as Exhibit A.

7. On February 29, 2016, the Court transferred the case from the Chancery Division to the Law Division of the Superior Court of New Jersey in Somerset County.

8. Thereafter, the parties engaged in the discovery process.

9. Hoot Owl served the HOA Defendants with its First Set of Interrogatories and First Request for Production of Documents on March 2, 2016.

Hoot Owl followed with Supplemental Interrogatories and Supplemental Requests for Documents on March 9, 2016.

10.     HOA served First Request for Production of Documents and First Set of Interrogatories upon Hoot Owl on or about March 11, 2016.

11.     Then, on or about, April 5, 2016, Hoot Owl filed its Second Amended Complaint and Jury Demand. Attached as Exhibit B is a true and correct copy of Plaintiff's Second Amended Complaint (without exhibits).

12.     The claims in the Second Amended Complaint arise out of and relate to the rights of the parties under the franchise agreement between the parties, dated May 23, 1996 as most recently amended on September 24, 2009.

13.     The HOA Defendants' Answer and Defenses to Second Amended Complaint was filed April 25, 2016.

14.     On April 29, 2016, Hoot Owl responded to HOA's First Request for the Production of Documents.

15.     In the course of the New Jersey Action, the parties negotiated a protective order, which was fully executed by counsel for the parties on or before August 9, 2016 and transmitted to the Court for execution on or about August 10, 2016.  A true and correct copy of the correspondence to the Hon. Yolanda Ciccone, Assignment Judge for the Superior Court of New Jersey, Somerset County is annexed hereto as Exhibit C.

16. The parties have agreed to engage in mediation of all claims, in the New Jersey Action, and this action, on September 8, 2016.

17. Attached as Exhibit D is a true and correct copy of <u>Bankers Insurance Company, et al, v. Countrywide Financial Group Corp., et al.</u>, 2012 U.S. Dist. LEXIS 93212 (Middle Dist., FL July 5, 2012).

18. Attached as Exhibit E is a true and correct copy <u>Rambaran, et al. v. Park Square Enterprises</u>, 2008 U.S. Dist. LEXIS 71538 (Middle Dist., FL September 22, 2008)

19. Attached as Exhibit F is a true and correct copy <u>Sides v. Simmons</u>, 2007 U.S. Dist. LEXIS 82833 (Southern Dist. FL, November 7, 2007).

20. Attached as Exhibit G are true and correct copies of <u>Retail Mktg. Network, Inc. v. Actmedia, Inc.</u>, 1996 U.S. Dist. LEXIS 22560 (Dist of Conn., October 8, 1996).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of August, 2016.

                                        ___/s/ Gerald Marks_____
                                          GERALD A. MARKS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of August, 2016, a copy of the foregoing was served on Respondent's counsel via the Court's electronic filing system:

Ronald T. Coleman, Esq.
Parker, Hudson, Rainer & Dobbs LLP
303 Peachtree St. NE, Suite 3600
Atlanta, GA 30308

*/s/ Lee S. Goldstein, Esq.*
Lee S. Goldstein, Esq.