# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **HOOTERS OF AMERICA, LLC**, a Georgia limited liability company, **HOA SYSTEMS, LLC.**, a Delaware limited liability company, and **HI LIMITED PARTNERSHIP,** a Florida limited partnership,<br><br>   Plaintiffs,<br><br>vs.<br><br>**HOOT OWL RESTAURANTS, LLC,** a Delaware limited liability company, **PHILLIP MORAN, WILLIAM HYSINGER**, and **GARY GIVENS**,<br><br>   Defendants. | Civil Case No.: 1:16-cv-01825 |

## REPLY BRIEF IN SUPPORT OF
## DEFENDANTS HYSINGER AND GIVENS' MOTION TO DISMISS THE
## COMPLAINT OR, IN THE ALTERNATIVE, TO STAY THIS ACTION
## PENDING THE OUTCOME OF PARALLEL LITIGATION
## IN NEW JERSEY

**MCCONNELL & SNEED, LLC**
Lee S. Goldstein, Esq.
Georgia Bar No.: 300437
990 Hammond Drive, Suite 840
Atlanta, Georgia 30328
Tel: (404) 665-3090
Fax: (404) 665-3476
lsg@mcconnellsneed.com

**MARKS & KLEIN, LLP**
Gerald A. Marks, Esq.
Justin M. Klein, Esq.
Admitted *Pro Hac Vice*
63 Riverside Avenue
Red Bank, New Jersey 077101
Tel: (732) 747-7100
Fax: (732) 219-0625
jerry@marksklein.com

Defendants William Hysinger and Gary Givens, ("Hysinger," "Givens" or, collectively "Defendants") respectfully submit this Reply Brief in support of their Motion to Dismiss the Complaint or, in the Alternative, Stay this Action Pending the Outcome of Parallel Litigation in New Jersey (hereinafter, "Motion").

## I. PRELIMINARY STATEMENT

Defendants Hysinger and Givens file this Reply Brief in reply to Plaintiffs' Hooters of America, LLC, HOA Systems, LLC, and HI Limited Partnership (collectively, "Plaintiffs" or "HOA") Response in Opposition to their Motion to Dismiss or, in the alternative, to Stay. Hysinger and Givens, who have been added as Defendants in this action by operation of Plaintiffs' First Amended Complaint, are signatories to a certain personal guaranty ("the Guaranty") which Plaintiffs claim was breached.

Further, because the Guaranty is appurtenant to the only franchise agreement (as amended) by and between Plaintiffs and Defendant Hoot Owl Restaurants, LLC ("Hoot Owl"), it necessarily follows that Hysinger and Givens' guaranteed the performance of that agreement (and any and all subsequent agreements which are based upon it or amended it). Further, the only agreements by and between Plaintiffs and Hoot Owl relate explicitly to the New Jersey franchises at issue in this litigation and the parallel action in the New Jersey State court (Hoot Owl Restaurants, LLC v. Hooters of America, LLC, *et al.*, Superior Court of New Jersey,

Law Division – Somerset County Docket No. MID-L-304-16).

In fact, the agreements themselves are subject to New Jersey law. Plaintiffs' purpose in this Court is, in part, is to obtain a ruling on the choice of law issue because they have acknowledged the agreements all relate back to and are intrinsically linked to the Franchise Agreement which inescapably involves New Jersey law and relates to New Jersey matters (as well as the associated franchised restaurant locations in Pennsylvania, Delaware, and Rhode Island.)

In the time between the filing of Hoot Owl's Motion, and Hysinger and Givens' joining of same, Plaintiffs filed their First Amended Complaint, which adds claims against the Defendants and Hoot Owl based entirely on Hoot Owl's purported abandonment of its Hooters franchised restaurant in Paramus, New Jersey. (Dkt. 15 at ¶¶ 90-107). In so doing, Plaintiffs have highlighted the Defendants' central argument: this action is purely gamesmanship. Indeed, there is no valid reason as to why Plaintiffs would not have filed their new claims as compulsory counterclaims in the New Jersey Action – as the claims are based entirely on conduct that occurred in New Jersey.

Likewise, the introduction of Hysinger, Givens, and Phillip Moran – at this juncture – appears calculated to increase the diversity between the present litigation and the New Jersey Action. Indeed, the alleged abandonment of the Paramus, New Jersey restaurant is precisely the sort of claim that ought to have been raised in New

3

Jersey as a compulsory counter claim. So, too, any claims against Hysinger, Givens, and Moran for the Guaranty should also be brought as third-party claims in New Jersey. Instead, Plaintiffs continue to attempt to force the issues between the parties to be litigated in Georgia, despite the New Jersey state court's denial of HOA's motion to dismiss the New Jersey Action based upon the purported choice of law provision in the Franchise Agreement.

Putting aside the Plaintiffs' transparent attempt to move the parties' dispute to Georgia, Plaintiffs base their entire opposition to Defendants' motion on the absurd contention that the Guaranty is not at issue in New Jersey. There is not a shred of merit to this assertion. It is very much at issue in New Jersey and Plaintiffs have made it an issue in New Jersey by their premature and illegal termination of Hoot Owl's franchises in New Jersey. Regardless, the very first paragraph of the First Amended Complaint establishes that Plaintiffs are seeking this Court to address **identical** issues that are currently before the New Jersey state court, providing, in relevant part:

> . . . HOA Systems seeks **a declaration that Georgia law governs this matter** pursuant to the choice of law provision in the franchise agreement, and that under Georgia law, HOA is entitled to immediately terminate all of Hoot Owl's rights under the franchise agreement [for Hoot Owl's purported violations of the agreement] . . .

(Dkt. 1, ¶¶ 1-2) (emphasis added).

In the New Jersey Action, however, Hoot Owl – whose Motion Hysinger and

Givens have joined – seeks the **opposite determination**, namely that New Jersey law applies to the relationship between the parties – not Georgia law – and therefore none of Hoot Owl's rights under the franchise and related agreements between the parties can be terminated without notice and sufficient cause. If this Court moves forward, the danger of inconsistent rulings on this threshold issue becomes very real. As explained below, this is merely one example of the identical issues that will be before both this Court and the New Jersey state court should this Court refuse to dismiss or stay this action during the pendency of the New Jersey Action, in which discovery is currently ongoing.

Moreover, Hoot Owl has filed a motion in the New Jersey Action seeking leave to file a third amended complaint in that action which would squarely address the additional claims raised here in the First Amended Complaint. As such, Defendants Hysinger and Givens respectfully request that this Court dismiss and/or grant Defendant's Motion to Dismiss and/or Stay this action pending the outcome of the New Jersey Action.

## II.     ARGUMENT AND CITATION TO AUTHORITY

### A.     Plaintiffs Assertions are Incorrect: This Action and The New Jersey Action Share Substantially the Same Parties and Issues.

Plaintiffs, in their earlier opposition to Hoot Owl's Motion, went to great lengths to explain how the claims in this action and the New Jersey Action are different (*see* Dkt. 12 at 15-16), yet entirely ignore that *every single claim filed in*

5

***this action*** could be, and should have been, filed as a compulsory counterclaim or a third-party claim in the New Jersey Action.  Here, they rely on those arguments with little else.  Indeed, as explained in Hoot Owl's original moving papers – yet tellingly ignored in Plaintiffs' opposition -- where Plaintiffs do not assert the same claims in a state court action <u>but could file their claims as compulsory counterclaims</u>, abstention under the *Colorado River* doctrine is warranted.  *See* <u>Beepot v. J.P. Morgan Chase Nat'l Corporate Servs.</u>, 2011 U.S. Dist. LEXIS 113124, *36 (M.D. Fla. Sept. 30, 2011) ( "[i]t is sufficient for abstention purposes that the . . . claims brought here may be asserted in the pending State Court [action] as counterclaims or affirmative defenses"); *see also*, <u>Mouchantaf v. Int'l Modeling & Talent Ass'n</u>, 368 F. Supp. 2d 303, 306 (S.D.N.Y. 2005) (noting that <u>Colorado River</u> abstention was warranted where plaintiff can assert (as counterclaims) in the parallel state action the same claims raised in the District Court action).

Furthermore, Plaintiffs' assertion that the two actions "involve *none* of the same issues" is pure fantasy. (*See* Dkt. At 15). Determination of which state's law governs the parties' relationship will necessarily be addressed by both this Court and the New Jersey state court.  Indeed, in the New Jersey Action, Hoot Owl seeks the New Jersey state court to apply New Jersey law -- namely the New Jersey Franchise Practices Act ("NJFPA") -- to the parties' relationship, rendering HOA unable to terminate any of Hoot Owl's rights under the franchise and related agreements

6

without providing the statutory notice period and establishing sufficient cause. (Dkt. 10-4 at ¶¶ 59-64).  Whereas here, Plaintiffs' Complaint asks this Court to declare Georgia law governs the relationship between the parties – even with respect to the New Jersey franchised locations - and therefore Hoot Owl's rights under the parties' franchise agreement can be terminated immediately. (Dkt. 1 at ¶ 1).  In any case, Hysinger and Givens' obligations under the Guaranty are triggered only if there is actually a breach of the underlying, New Jersey agreements.  Plaintiffs' attempt to differentiate the present case with the New Jersey Action – on that basis – is a fantasy.

Additionally, Plaintiffs' second demand for relief in this action similarly implicates the very same issues which must be resolved by the state court in the New Jersey Action; this will be doubly true when the Superior Court of New Jersey grants Hoot Owl's pending motion, returnable December 2, 2016.[1]  Specifically, the second substantive paragraph of the Complaint in this action provides, in relevant part:

> . . . . should the Court determine that Georgia law does not govern this matter in its entirety, **HOA Systems seeks a declaration as to whether and in what way(s) the franchise relationship statute[] in . . . New Jersey apply to the termination of Hoot Owl's rights** under the franchise agreement with respect to its Hooters franchise restaurants in [New Jersey] . . . .

---

[1] Under New Jersey law, a motion to amend a pleading should be liberally granted pursuant to New Jersey Court Rule 4:9-1 (2016).  Likewise, the relevant case law advocates that "leave to amend is to be freely granted."  See Wm. Blanchard Co. v. Beach Concrete Co., Inc., 375 A.2d 675, 150 N.J. Super. 277 (App.Div.) certif. denied 384 A.2d 507, 75 N.J. 528 (1977).

(Dkt. 1, ¶¶ 1-2).  In the New Jersey Action, Hoot Owl also seeks a determination as to how the NJFPA applies to the termination of Hoot Owl's rights under the parties' franchise and related agreements. (Dkt. 10-4 at ¶ 61) (seeking a ruling that the HOA defendants violated the NJFPA by, among other things, "terminat[ing] some of Hoot Owl's rights existing under the Franchise, 2009, 2011 and other Agreements without good cause and without requisite notice.")  Once again, these are critical issues to both actions, which will invariably need to be addressed and resolved by both courts.  As such, arguing there is no substantial similarity of issues – as Plaintiffs do here – is factually inaccurate and legally unsupportable.

### B.    **Plaintiffs' Amended Complaint Reveals This Case Is Undoubtedly Both Vexatious And Reactive.**

As conceded in Plaintiffs' opposition to the current motion, the Court must consider whether a later-filed litigation is vexatious or reactive in nature when determining whether to dismiss or stay an action pursuant to the *Colorado River* doctrine. Rambaran v. Park Square Enters., 2008 U.S. Dist. LEXIS 71538, *6 (M.D. Fla. Sept. 22, 2008) (*citing* Ambrosia Coal & Constr. Co. v. Pages Morales, 368 F.3d 1320, 1330 (11th Cir. 2004)).  Plaintiffs have previously asserted the current action cannot be vexatious because "HOA's Complaint is premised on events that occurred outside the State of New Jersey, and that had no direct connection to the New Jersey litigation." (Dkt. 12 at 24).  This is misleading, to say the least.

Plaintiffs awarded their co-defendant in the New Jersey, Apple Gate Enterprises, LLC, franchise rights in New Jersey within the development territory previously granted to Hoot Owl.  Plaintiffs claim that they can terminate or have terminated the franchise rights of Hoot Owl, both generally and as to the continued operation of restaurants currently conducting business in New Jersey, as well as in other states.

The Plaintiffs' First Amended Complaint adds claims against Hoot Owl based on events that occurred **solely** in New Jersey, namely the purported abandonment by Hoot Owl of a Hooters franchise location in Paramus, New Jersey. **There is no valid reason for HOA to have filed this claim in Georgia, instead of as a counterclaim in the already pending New Jersey Action**.  Not only is the franchised location in question located in New Jersey, the witnesses related to the Paramus location will undoubtedly be located in New Jersey, as well.  Moreover, Plaintiffs tellingly claim that "HOA filed its Complaint in this Court because this is the venue specified in the Franchise Agreement's forum selection clause," when the Court in the New Jersey Action has already unambiguously held the forum selection clause neither mandated the dismissal of the New Jersey Action, nor the litigation of the parties' dispute in Georgia.  The only logical conclusion to be drawn from Plaintiffs' antics is that they are trying to avoid the New Jersey court's decision and engage in forum shopping.

> C. **The Remaining *Colorado River* Factors Do Not Weigh Against Abstention.**
>
>> i. The Amended Complaint's New Claims Based on the Purported Abandonment of Hoot Owl's Franchised New Jersey Location Renders This Forum Extraordinarily Inconvenient to Litigate this Claim.

With their First Amended Complaint, Plaintiffs have now added claims and allegations against Hoot Owl based solely on events that occurred in New Jersey, specifically at Hoot Owl's Paramus, New Jersey franchised location. Plaintiffs allege that Hoot Owl "willfully allowed the condition of the Paramus Restaurant to severely deteriorate," and "abandoned" the restaurant, all purportedly in violation of the franchise agreement between the parties. (Dkt. 15 at ¶¶ 91, 98). As such, the evidence related to these allegations – including the brick-and-mortar Paramus location and any witnesses to the events that occurred in New Jersey, which will include the ongoing efforts to reopen the restaurant – will be located in New Jersey. It is therefore both nonsensical and extraordinarily inconvenient for this claim to be litigated in Georgia, particularly with the pending New Jersey Action between the parties.

>> ii. Plaintiffs Cannot Avoid the Fact that the New Jersey Action is Much Further Along than this Action.

Plaintiffs conceded in their prior opposition papers the key consideration for this factor of the *Colorado River* doctrine is "how much progress has been made in the two actions." (Dkt. 12 at 21); Moses H. Cone Mem'l Hosp. v. Mercury Constr.

Corp., 460 U.S. 1, 21 (1983). Plaintiffs further admitted that approximately 1,700 documents have been exchanged among the parties in the New Jersey Action, while discovery has not yet begun in this case. (Dkt. 12 at 21). Since those papers were filed, additional discovery has been produced in the New Jersey Action and this Georgia Action has remained at a standstill.

Plaintiffs attempt to brush these facts aside by focusing on *why* the actions are at different stages, noting, for example, that Plaintiffs provided Hoot Owl an extension to respond to the Complaint in this action. (Dkt. 12 at 21-22). This is a red herring. Plaintiffs do not cite to a single authority to support the notion that the reason *why* two cases are at different stages is in any way relevant to the *Colorado River* analysis.

Plaintiffs' argument remains self-serving; this Court should discount it entirely. The analysis is properly focused on where each case is, procedurally and substantively. Here, the New Jersey Action is well into discovery and motions have been argued. Conversely, the present matter before this Court is new and no substantial steps have been taken, by either party, to move the matter forward.

      iii.      <u>The Existence of Federal Claims Does Not Favor Abstention Due, in Part, to New Jersey's Strong Interest in Applying The NJFPA.</u>

Plaintiffs brushed aside – without any basis– the case law Hoot Owl cited in its moving papers establishing that, where state courts have concurrent jurisdiction

11

over federal claims, the existence of a federal claim holds little weight in the *Colorado River* analysis. See Rambaran, 2008 U.S. Dist. LEXIS at *19 ("if federal and state courts have concurrent jurisdiction over a claim, the applicable law factor becomes less significant"). Plaintiffs failed to provide a single reason as to why they believe the *Colorado River* doctrine, as applied by the relevant decisional law, does not apply to this case, where the New Jersey state court would have concurrent jurisdiction over the only federal claims pled in this action, Plaintiffs' Lanham Act claims. Hysinger and Givens, by joining Hoot Owl's motion, have reiterated these arguments and, tellingly, Plaintiff has once again failed to address them.

Moreover, Plaintiffs' prior assertion that "this factor favors abstention only where the applicable state law is particularly complex or best left for state courts to resolve" further supports Defendants' and Hoot Owl's Motion. (Dkt. 12 at 22). Indeed, the New Jersey legislature has expressed a particular interest in ensuring that the NJFPA is properly applied to those business relationships that fall under its umbrella, even going so far as to amend the NJFPA in 2010 to provide as follows:

> The Legislature finds and declares that distribution and sales through franchise arrangements in the State of New Jersey vitally affects the general economy of the State, the public interest and the public welfare. It is therefore necessary in the public interest to define the relationship and responsibilities of franchisors and franchisees in connection with franchise arrangements and to protect franchisees from unreasonable termination by franchisors that may result from a disparity of bargaining power between national and regional franchisors and small franchisees. The Legislature finds that these protections are necessary to protect not only retail businesses, but also wholesale distribution

franchisees that, through their efforts, enhance the reputation and goodwill of franchisors in this State. ***Further, the Legislature declares that the courts have in some cases more narrowly construed the Franchise Practices Act than was intended by the Legislature.***

N.J. Stat. Ann § 56:10-2 (emphasis added). It is therefore critical to the state of New Jersey for the courts to properly enforce and interpret the NJFPA, a job that is best left to a New Jersey court familiar with the NJFPA rather than a foreign court.

### iv. Plaintiffs Have No Basis to Claim the New Jersey Court Cannot Adequately Address All of Plaintiffs' Claims.

Plaintiffs baldly assert the New Jersey state court cannot adequately address all of Plaintiffs' claims in this matter. This lacks factual support; in truth, the New Jersey court is in a *better* position to address the different state laws potentially implicated in this matter because New Jersey – unlike Georgia – has a franchise relationship law in place. As such, New Jersey courts are intimately familiar with franchise relationship laws, and are therefore better suited to address the relationship laws of Delaware, Rhode Island and, of course, New Jersey.

With the inclusion of Hysinger, Givens, and Moran, there is no additional conflict. As the Guaranty at issue is intrinsically tied to and relates back to the existing agreements between Plaintiffs and Hoot Owl, the New Jersey court's ability to address each and every issue is no different with respect to their interests.

## III. CONCLUSION

For the foregoing reasons, Defendants William Hysinger and Gary Givens

respectfully request that this Court grant Defendants' request to dismiss or, in the alternative, stay this action pending the resolution of parallel litigation in New Jersey.

*/s/ Lee S. Goldstein, Esq.*
Lee S. Goldstein, Esq.
Georgia Bar No.: 300437
MCDONNELL & SNEED, LLC
990 Hammond Drive, Suite 840
Atlanta, GA 30328
Tel: (404) 665-3090
Fax: (404) 665-3090

- and–

Justin M. Klein, Esq.
Gerald A. Marks, Esq.
Admitted *Pro Hac Vice*
MARKS & KLEIN, LLP
63 Riverside Avenue
Red Bank, New Jersey 07701
Tel: 732-747-7100
Fax: 732-219-0625

**Counsel for Defendant**
**Hoot Owl Restaurants, LLC**